IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEI WEI, derivatively on behalf ENERNOC, INC. and individually on behalf of himself and all other similarly situated shareholders of ENERNOC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY G. HEALY, NEIL MOSES, DAVID B. BREWSTER, RICHARD DIETER, TJ GLAUTHIER, SUSAN F. TIERNEY, JAMES BAUM, PETER GYENES, ADAM GROSSER, and JAMES L. TURNER <br><br> Defendants, <br><br> -and- <br><br> ENERNOC, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Civil Action No. 13-cv-766-GMS <br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S UNOPPOSED MOTION TO SUBSTITUTE
EUGENE BASCH AS PARTY-PLAINTIFF**

Plaintiff Lei Wei ("Wei") and proposed Plaintiff Eugene Basch ("Basch") hereby move, pursuant to Federal Rule of Civil Procedure 21, to substitute Basch as party-plaintiff. Pursuant to local Rule 7.1.1, Plaintiff's counsel has conferred with counsel for all Defendants and Defendants do not oppose the relief requested by this Motion.

**PRELIMINARY STATEMENT**

Plaintiff Wei recently informed his counsel that he sold his shares in EnerNOC, Inc. ("EnerNOC" or the "Company"). Promptly thereafter, Wei's counsel informed the Court and all parties in the Action of this occurrence and stated their intention to have another EnerNOC

1

shareholder intervene in the Action in place of Wei to ensure that the Action may continue to be prosecuted for the benefit of the Company. (D.I. 24). Basch now seeks to replace Wei as party-plaintiff and take over the prosecution of the Action.

Defendants will not be prejudiced in any way from Basch's proposed replacement of Wei as party-plaintiff. All of the substantive allegations in the Wei complaint will remain exactly the same and by extension, all briefing pending before the Court on Defendants' motion to dismiss will remain valid and ripe for a decision.

## NATURE AND STAGE OF PROCEEDINGS

Wei initiated the Action on May 3, 2013 in order to challenge certain equity awards that the EnerNOC board of directors (the "Board")[1] granted Timothy Healy ("Healy"), the Chairman of the Board and EnerNOC's Chief Executive Officer, and Neil Moses ("Moses"), EnerNOC's Chief Financial Officer, in 2010, 2012, and 2013 under the Company's Amended and Restated 2007 Employee, Director, and Consultant Stock Plan (the "Plan"). Specifically, Wei alleged that certain awards granted to Healy and Moses exceeded an annual share limit under the Plan and that the Board breached its fiduciary duties in granting these excess awards and issuing false and misleading statements concerning them in the Company's Schedule 14(a) Proxy Statement filed on April 26, 2013. On May 9, 2013, Wei moved to enjoin EnerNOC's annual shareholder meeting. (D.I. 5). After EnerNOC filed a supplemental proxy statement that provided the supplemental disclosures Wei had sought, Wei withdrew his motion for a preliminary injunction. On August 30, 2013, Defendants moved to dismiss the Action. (D.I. 17). Wei filed his opposition and Defendants filed their reply on October 18, 2013 and November 13, 2013 respectively. (D.I. 19-20). Defendants' motion to dismiss remains pending. On April 30, 2014,

---

[1] "Board" shall have the same meaning as defined in Wei's May 3, 2013 complaint. (D.I. 1 at ¶ 23).

Wei's counsel informed the Court that Wei had sold his shares in EnerNOC and that they intended to seek leave to have another EnerNOC shareholder intervene in the Action. (D.I. 24).

## SUMMARY OF ARGUMENT

In order to ensure that this derivative action may continue to be prosecuted for the benefit of the Company, the Court should permit plaintiff Wei to withdraw from the Action and allow Basch to be substituted as the new party-plaintiff. In the event the Court permits Basch to be added, Basch seeks leave of Court to file an amended complaint reflecting the substitution.[2] A court may permit the addition or withdrawal of a plaintiff at any time pursuant to Rule 21. Defendants will not be prejudiced in any way by the proposed substitution, which will simply allow the Action to proceed on the merits for the benefit of the Company.

## STATEMENT OF FACTS

Plaintiff challenged certain equity awards that the Board granted to Healy and Moses under the Plan as exceeding the Plan's per-person annual limit in 2010, 2012, and 2013. Specifically, Section 4(c) of the shareholder-approved Plan states that "in no event shall Stock Rights with respect to more than 130,000 Shares be granted to any Participant in any Fiscal year." (D.I. 1 at ¶ 27). The term "Stock Right" is defined in Section 1 of the Plan and encompasses all possible awards that may be granted under the Plan. (D.I. 1 at ¶ 28).

In 2010, the Board granted Healy 150,000 shares of restricted stock under the Plan. In 2012, the Board granted Healy 213,128 shares of restricted stock under the Plan. And in 2013, the Board granted Healy 170,000 and Moses 160,000 shares of restricted stock under the Plan. All of these awards exceed the Plan's clear and unambiguous 130,000 annual limit.

---

[2] A redline version of the proposed amended complaint is attached hereto as Exhibit A.

## ARGUMENT

**I.  The Court Should Permit the Withdrawal of Wei and Addition of Basch as Party-Plaintiff Under Rule 21**

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." The addition of Basch and the removal of Wei as party-plaintiff is a simple and efficient way to effectuate the requested substitution of Basch for Wei. Courts have utilized Rule 21 to effectuate substitutions in situations nearly identical to the circumstances currently at hand in the Action. For example, in *In re Stone Energy Corp. Securities Litigation*, the court permitted the substitution of lead plaintiffs under Rule 21 in a securities fraud class action after the lead plaintiff was found to be incapable of suing or being sued. 2009 U.S. Dist. LEXIS 91480, at *7, *18 (W.D. La. Sept. 30, 2009) (citing *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952) ("recognizing notions of judicial efficiency in allowing plaintiff without standing to substitute proper plaintiff under Rule 21.")).

## CONCLUSION

For the reasons stated above, the Plaintiff respectfully requests that the Court enter the attached proposed Order substituting Basch as party-plaintiff, and further granting leave for Basch to file an amended complaint reflecting his entry into the Action as party-plaintiff.

Dated: May 20, 2014                                Respectfully submitted,

**FARNAN LLP**

/s/ Brian E. Farnan
Brian E. Farnan (Bar. No. 4089)
Michael J. Farnan (Bar No. 5165)
Rosemary J. Piergiovanni (Bar No. 3655)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Tel: (302) 777-0300
Fax: (302) 777-0301

*Attorneys for Plaintiff*

Of Counsel:
**LEVI & KORSINSKY, LLP**
Eduard Korsinsky
Steven J. Purcell
30 Broad Street, 24th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (866) 367-6510