# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENE BASCH, derivatively on behalf of ENERNOC, INC. and individually on behalf of himself and all other similarly situated shareholders of ENERNOC, INC., <br><br>Plaintiff, <br><br>vs. <br><br>TIMOTHY G. HEALY, NEIL MOSES, DAVID B. BREWSTER, ARTHUR W. COVIELLO, JR., RICHARD DIETER, TJ GLAUTHIER, SUSAN F. TIERNEY, JAMES BAUM, PETER GYENES, ADAM GROSSER, and JAMES L. TURNER, <br><br>Defendants, <br><br>-and- <br><br>ENERNOC, INC., a Delaware Corporation, <br><br>Nominal Defendant. | Civil Action No. 13-cv-766-GMS |

**SCHEDULING ORDER WITH RESPECT
TO NOTICE AND SETTLEMENT HEARING**

**WHEREAS**, the parties to the above-captioned action have entered into a Stipulation of Compromise and Settlement dated ____ (the "Stipulation"), which sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of this action ("the Action"), subject to review and approval by this Court pursuant to Rule 23.1 upon notice to the current stockholders of nominal EnerNOC Inc. ("EnerNOC");

1

**NOW**, upon application of the parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** this ___ day of _____, 2014 as follows:

1. A hearing (the "Settlement Hearing") shall be held on _____, 2014, at _____.m. at the J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Unit 19, Wilmington, DE 19801-3569, Courtroom: 4A, to (a) determine whether the proposed settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate and in the best interests of EnerNOC and its stockholders; (b) determine whether the Court should finally approve the Stipulation and enter the Order and Final Judgment (the "Judgment") as provided in the Stipulation, dismissing the Action with prejudice and extinguishing and releasing the Released Claims (as defined in the Stipulation); (c) hear and determine any objections to the proposed settlement; (d) rule on the fee and expense applications; (e) rule on such other matters as the Court may deem appropriate.

2. The Settlement Hearing may be adjourned by the Court from time to time without further notice to anyone other than the parties to the Action and any Objectors (as defined herein).

3. The Court reserves the right to approve the Stipulation at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice.

4. The Court approves, in form and content, the Notice of Proposed Settlement of Action (the "Notice") filed by the parties with the Stipulation as Exhibit B and finds that the giving of notice substantially in the manner set forth herein meets the requirement of Fed. R.

2

Civ. Proc. Rule 23.1 and due process, and is the best notice practicable under the circumstances. No later than sixty (60) calendar days prior to the Settlement Hearing, the parties shall cause the Notice, substantially in the form annexed as Exhibit B to the Stipulation, to be disseminated to shareholders by the same methods EnerNOC uses to disseminate its proxy statement in the ordinary course.

     5.     At least ten (10) business days prior to the Settlement Hearing, the parties shall file an appropriate affidavit attesting to provision of the Notice in accordance with this Order.

     6.     As set forth in the Notice, any record or beneficial stockholder of EnerNOC who objects to the Stipulation, the proposed Judgment to be entered, and/or the fee and expense applications, who wishes to be heard ("Objector"), may appear in person or by his, her, or its attorney at the Settlement Hearing and present any evidence or argument that may be proper and relevant; <u>provided</u>, <u>however</u>, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the settlement, or, if approved, the Judgment to be entered thereon, unless he, she, or it has, no later than ten (10) days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed with this Court, and served (electronically, by hand, or by overnight mail) on counsel, at the addresses below, the following: (a) proof of current ownership of EnerNOC stock; (b) a written notice of the Objector's intention to appear; (c) a detailed statement of the objections to any matter before the Court; and (d) a detailed statement of all of the grounds thereon and the reasons for the Objector's desire to appear and to be heard, as well as all documents or writings which the Objector desires the Court to consider.

Steven J. Purcell
Levi & Korsinsky LLP
30 Broad Street, 24th floor
New York, NY 10004
Tel: 212-363-7500
Fax: 866-367-6510
*Attorneys for Plaintiff*

Timothy Perla
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel:  617-526-6000
Fax: 617-526-5000
*Attorneys for Defendants*

7. Any person or entity who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court in its discretion allows such objection to be heard at the Settlement Hearing, and shall forever be barred from raising such objection in the Action or any other action or proceeding or otherwise contesting the Stipulation, or any application for an award of attorneys' fees and expenses, and will otherwise be bound by the Judgment to be entered and the releases to be given.

8. At least 24 days prior to the Settlement Hearing, Plaintiff's Counsel shall file with the Court a motion for final approval of the proposed settlement and supporting materials, as well as any application for an award of fees and expenses of  Plaintiff's Counsel, together with supporting materials.  Any objections to the requested fees or expenses shall be filed and served no later than ten (10) days prior to the Settlement Hearing.

9. At least five (5) business days prior to the Settlement Hearing, the parties may file with the Court a response brief to any objections made by an Objector pursuant to Paragraph 6,

above, and Plaintiff may file and serve a brief response to any objections to the fee and expense applications.

10. In the event that the Stipulation is not approved by the Court, the proposed settlement and any actions or materials taken or filed in connection therewith shall become null and void for all purposes, and all negotiations, transactions, and proceedings connected with it: (a) shall be without prejudice to the rights of any party thereto; (b) shall not be deemed to be construed as evidence of, or an admission by any party of any fact, matter, or thing; and (c) shall not be admissible in evidence or be used for any purpose in any subsequent proceedings in the Action or any other action or proceeding. The parties shall be deemed to have reverted to their respective status in these Action as of the date and time immediately prior to the execution of the Stipulation, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered.

11. All discovery and other proceedings in the Action (except as may be necessary to carry out the terms and conditions of the proposed settlement) are hereby stayed and suspended until further order of the Court. Except as provided in the Stipulation, pending final determination of whether the Stipulation should be approved, all parties to the Action are hereby enjoined against instituting, commencing, prosecuting, continuing, or in any way participating in, whether directly, representatively, individually, derivatively on behalf of EnerNOC, or in any other capacity, any action or other proceeding asserting any Released Claims.

12.     The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to anyone other than the parties to the Action and any Objectors.

_____

Hon. Gregory M. Sleet