**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENE BASCH, derivatively on behalf of ENERNOC, INC. and individually on behalf of himself and all other similarly situated shareholders of ENERNOC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY G. HEALY, NEIL MOSES, DAVID B. BREWSTER, ARTHUR W. COVIELLO, JR., RICHARD DIETER, TJ GLAUTHIER, SUSAN F. TIERNEY, JAMES BAUM, PETER GYENES, ADAM GROSSER, and JAMES L. TURNER, <br><br> Defendants, <br><br> -and- <br><br> ENERNOC, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Civil Action No. 13-cv-766-GMS |

## <u>NOTICE OF PROPOSED SETTLEMENT OF ACTION</u>

**TO: ALL CURRENT STOCKHOLDERS OF ENERNOC, INC.**
**(TRADING SYMBOL: ENOC)**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LITIGATION. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS, AND ADEQUACY OF THE PROPOSED SETTLEMENT, OR PURSUING THE CLAIMS DEFINED HEREIN.**

**IF YOU HOLD ENERNOC INC. COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**IF YOU DO NOT OBJECT TO THE PROPOSED SETTLEMENT OR ATTORNEYS'
FEE AND EXPENSE AWARD DESCRIBED IN THIS NOTICE, YOU ARE NOT
OBLIGATED TO TAKE ANY ACTION.**

I.      **WHY ARE YOU RECEIVING THIS NOTICE?**

The purpose of this Notice is to tell you about: (i) a lawsuit (the "Action") in the United States District Court for the District of Delaware ("the Court") brought on behalf of EnerNOC Inc. ("EnerNOC" or the "Company"); (ii) a proposal to settle the Action as provided in a Stipulation of Compromise and Settlement (the "Stipulation"); and (iii) your right, among other things, to attend and participate in a hearing to be held on _____, 2014 at _____.m., at the J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Unit 19, Wilmington, DE 19801-3569, Courtroom: 4A (the "Settlement Hearing").

This Notice describes the proposed settlement of the claims brought on behalf of EnerNOC and what steps you may, but are not required to, take concerning the proposed settlement.  If the Court approves the proposed settlement, it will enter an Order and Final Judgment that would end the Action.

**THE FOLLOWING DESCRIPTION DOES NOT CONSTITUTE FINDINGS OF ANY COURT.  IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF ANY COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

II.     **BACKGROUND: WHAT IS THE ACTION ABOUT?**

Eugene Basch ("Plaintiff") is a current EnerNOC stockholder.  Plaintiff is represented by Levi & Korsinsky LLP ("Plaintiff's Counsel").

Nominal defendant EnerNOC is a Delaware corporation with its principal place of business in Boston, Massachusetts.  Defendants Timothy G. Healy, Neil Moses, David B. Brewster, Arthur W. Coviello, Jr., Richard Dieter, TJ Glauthier, Susan F. Tierny, James Baum, Peter Gyenes, Adam Grosser, and James L. Turner (the "Individual Defendants" and, with EnerNOC, "the Defendants") are present or former officers and/or directors of EnerNOC.

On May 3, 2013, Lei Wei, a shareholder of EnerNOC filed this derivative and class action complaint in the United States District Court for the District of Delaware against the Defendants.  The complaint asserted derivative claims, purportedly brought on behalf of the Company, for breach of fiduciary duty, waste of corporate assets, and unjust enrichment in connection with certain equity awards (awarded in 2010, 2012, and 2013) that allegedly exceeded what Mr. Wei claimed was an annual limit on per-employee equity grants contained in the Company's Amended and Restated 2007 Employee, Director, and Consultant Stock Plan ("the 2010 Plan").  The complaint also asserted a direct claim, brought on behalf of the plaintiff and a proposed class of the Company's shareholders, alleging the Company's proxy statement filed on April 26, 2013 was false and misleading because it failed to disclose that the equity grants were improper.

3

On August 30, 2013, Defendants filed a motion to dismiss the complaint, which was thereafter fully briefed and remains pending.

On May 20, 2014, Plaintiff Eugene Basch filed an assented-to motion to substitute himself as plaintiff in lieu of Mr. Wei. On May 22, 2014, the Court granted the motion. On May 27, 2014, Mr. Basch filed an Amended Complaint substituting himself as plaintiff and making in substance the same allegations that appeared in Mr. Wei's complaint. Thus, Mr. Basch is now the plaintiff.

The Individual Defendants have vigorously denied and continue to vigorously deny that they have committed any act or omission giving rise to any breach of fiduciary duty, liability, and/or violation of law or otherwise engaged in any wrongdoing.

## III.    HOW WAS THE SETTLEMENT REACHED?

While the Action was pending, the Parties engaged in good faith in informal settlement discussions over a period of several months, including numerous telephone calls and exchanges of email. On June 27, 2014, the Parties appeared for a full-day, in-person mediation before a highly-experienced mediator, Jed Melnick of JAMS, Inc. After extensive, arm's length negotiations, and with the help of Mr. Melnick, the Parties reached an agreement-in-principle to settle the Action.

**THE COURT HAS NOT FINALLY DETERMINED THE MERITS OF PLAINTIFF'S CLAIMS OR THE DEFENSES THERETO. THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF THE LAW BY THE INDIVIDUAL DEFENDANTS OR THAT RECOVERY COULD BE HAD IN ANY AMOUNT IF THE ACTION WAS NOT SETTLED.**

## IV.    WHAT ARE THE TERMS OF THE SETTLEMENT?

The Stipulation generally requires a cash payment to EnerNOC, as well as changes to Company policies and procedures concerning equity grants. The specific terms are as follows:

- The Individual Defendants shall cause their insurer to make a payment of $500,000 to EnerNOC;

- With respect to the grant of any incentive award, the Board of Directors of EnerNOC ("the Board") and its committees, including the Compensation Committee, shall at all times comply with the law, the committees' charters and other governing documents, and any applicable EnerNOC compensation plan, including the EnerNOC, Inc. 2014 Long-Term Incentive Plan ("the 2014 Plan");

- To ensure such compliance, the Company will engage a third party to review the process by which stock options and other equity award grants are made and delivered. This engagement shall include (1) a review of the Company's committee charters and

4

other governing documents, and any applicable compensation plans, including the 2014 Plan, and (2) the development of a checklist of key provisions to be reviewed prior to the issuance and delivery of any incentive awards. Among other things, that checklist must require that the Company's Vice President of Human Resources or his/her designee analyze and confirm that, with respect to any contemplated incentive award: (i) the overall shares available under the applicable plan are sufficient to cover the proposed grant; and (ii) the individual limits set forth in the applicable plan would not be exceeded by awarding the proposed grant, with such confirmation to include an analysis of the proposed grant and all other grants occurring during the relevant period;

- The Board shall retain adequate documentation of all awards made under the 2014 Plan and will appoint an appropriate individual(s) to monitor compliance with the foregoing compliance procedures and checklist;

- In negotiating an employment agreement with an executive officer or prospective executive officer, the Board or its designee will review the proposed terms of the agreement to ensure that such terms are not inconsistent with the terms of the 2014 Plan or any other applicable compensation plan; and

- The Compensation Committee will adopt an Equity Grant Policy that describes the method used to determine grant dates, which the Company will also describe in the Compensation Discussion and Analysis Section of the Company's Definitive Proxy Statements.

Because the Action was brought for the benefit of EnerNOC, any recovery (whether from this or any settlement or through a judgment in favor of the Plaintiff) would go to EnerNOC. EnerNOC stockholders will not receive any direct payment as a result of the Stipulation and will not need to fill out any kind of claims form as a result of the settlement.

## V.   **WHAT CLAIMS WILL THE SETTLEMENT RELEASE?**

*Under the Stipulation, the following releases will occur, except as noted below:*

Plaintiff (on his own behalf and derivatively on behalf of EnerNOC), Plaintiff's Counsel and EnerNOC will fully, finally, and forever release, relinquish, and discharge the Released Claims (as defined below). Because EnerNOC is releasing claims, any stockholder will be barred from bringing a Released Claim on behalf of, or in the name of, EnerNOC.

"Released Claims" means and includes any and all claims for relief or causes of action, debts, demands, rights, or liabilities whatsoever, known or unknown, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, against Released Person(s) that (i) were asserted in the Action, (ii) could have been asserted in the Action; or (iii) otherwise in any way relate to the Amended and Restated 2007 Employee, Director, and Consultant Stock Plan, compensation to Company personnel, or the granting of equity to Company personnel.

5

"Released Persons" means EnerNOC, the Individual Defendants, and insurers of EnerNOC and the Individual Defendants, together with their predecessors, successors, subsidiaries, affiliates, agents, attorneys, and each of their past or present officers, directors, and employees.

*The following claims are reserved and not being released as part of the Stipulation:*

Each of EnerNOC and the Released Persons shall retain and reserve all of their respective claims or rights that may exist for past or future indemnification or advancement or payment of past or future legal fees and defense costs arising under and pursuant to any Released Person's respective indemnification agreements with EnerNOC, EnerNOC's certificate of incorporation or by-laws, applicable law, equity or other contract.

## VI.   WHAT ARE THE REASONS FOR SETTLING THE ACTION?

Plaintiff believes that the claims asserted in the Action have merit and that Plaintiff's Counsel's investigation supports the claims asserted, but also believes that the settlement set forth above provides substantial and immediate benefits for EnerNOC and its stockholders. Plaintiff and his counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex stockholder litigation such as the Action, as well as the difficulties and delays inherent in such litigation.  They also are mindful of inherent problems of proof associated with, and possible defenses to, the violations asserted in the Action.  In addition, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and appeals.  Based upon these considerations, Plaintiff and his Counsel have concluded that the terms and conditions of the Stipulation confer substantial benefits upon and are in the best interests of EnerNOC and its stockholders.

The Individual Defendants maintain that their conduct was at all times proper and in compliance with applicable law and they have denied and continue to deny that they have committed or intended to commit any breaches of their obligations or violations of law arising out of any of the conduct, statements, acts, or omissions alleged in the Action or otherwise.  The Individual Defendants further deny that they breached their fiduciary or any other legal duties. The Individual Defendants also deny that EnerNOC was harmed by any conduct of the Individual Defendants alleged in the Action or that could have been alleged therein.  The Individual Defendants assert that, at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of EnerNOC and its shareholders.

Defendants, however, recognize the uncertainty and the risk inherent in any litigation, and the difficulties and substantial burdens, expense, and length of time that may be necessary to defend this proceeding through the conclusion of discovery, summary judgment motions, trial, post-trial motions, and appeals.  Defendants wish to eliminate the uncertainty, risk, burden and expense of further litigation, and to permit the operation of EnerNOC without further distraction and diversion of its directors and executive personnel with respect to the Action.  Defendants have therefore determined to settle the Action on the terms and conditions set forth in this

Stipulation and to put the Released Claims to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages.

## VII.   HOW WILL THE ATTORNEYS GET PAID?

To date, Plaintiff's Counsel has not received any payments for their efforts on behalf of EnerNOC and its stockholders.  If the Court approves the Stipulation, Plaintiff's Counsel will apply to the Court for an award of attorneys' fees and expenses totaling no more than $400,000. Such fees or expenses awarded by the Court will be paid by EnerNOC and its insurers.

Court approval of the Stipulation is not in any way contingent on the Court approving the fee and expense application.  Disallowance by the Court of the fee and expense applications, or any portion thereof, any appeal from any order relating thereto, and any modification or reversal on appeal of any such order, will not operate to terminate or cancel the Stipulation or affect its other terms, including the releases, if approved by the Court, or affect or delay the finality of the Judgment approving the Stipulation.

The Individual Defendants, through the Company and their insurers, will bear their own legal fees, costs, and expenses incurred in the Action.

## VIII.   WHEN WILL THE SETTLEMENT HEARING TAKE PLACE?

The Court has scheduled a Settlement Hearing to be held on _____, 2014 at _____.m., at the J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Unit 19, Wilmington, DE 19801-3569, Courtroom: 4A.

The purpose of the Settlement Hearing is to: (i) determine whether the proposed Stipulation is fair, reasonable, and adequate and in the best interests of EnerNOC and its stockholders and should be approved by the Court; (ii) determine whether an Order and Final Judgment should be entered dismissing the Action with prejudice and extinguishing and releasing all of the claims raised in the Action against the Released Persons; (iii) determine whether the Court should approve the fee and expense application of Plaintiff's Counsel; (iv) hear and determine any objections to the proposed settlement; and (vi) rule on such other matters as the Court may deem appropriate.

The Court may adjourn the Settlement Hearing from time to time without further notice to anyone other than the parties to the Action and any Objectors (as defined below).  The Court reserves the right to approve the Stipulation at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice.

## IX.   DO I HAVE A RIGHT TO APPEAR AND OBJECT?

Any record or beneficial stockholder of EnerNOC who objects to the settlement, the judgment proposed to be entered, the fee and expense applications, or who otherwise wishes to be heard (an "Objector"), may appear in person or by his, her, or its attorney at the Settlement

Hearing and present any evidence or argument that may be proper and relevant; _provided_, _however_, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the Stipulation, or, if approved, the judgment to be entered thereon, unless he, she, or it has, no later than  ten (10) days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed with the Court and served (electronically, by hand, or overnight mail) on counsel, at the addresses below, the following: (i) proof of current ownership of EnerNOC stock; (ii) a written notice of the Objector's intention to appear; (iii) a detailed statement of the objections to any matter before the Court; and (iv) a detailed statement of all of the grounds thereon and the reasons for the Objector's desire to appear and to be heard, as well as all documents or writings which the Objector desires the Court to consider:

> Steven J. Purcell
> Levi & Korsinsky LLP
> 30 Broad Street, 24th floor
> New York, NY 10004
> Tel: 212-363-7500
> Fax: 866-367-6510
> _Attorneys for Plaintiff_

> Timothy Perla
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109
> Tel:  617-526-6000
> Fax: 617-526-5000
> _Attorneys for Defendants_

Any person or entity who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court in its discretion allows such objection to be heard at the Settlement Hearing, and shall forever be barred from raising such objection in the Action or any other action or proceeding or otherwise contesting the Stipulation, and/or the fee and expense applications, and will otherwise be bound by the Judgment to be entered and the releases to be given.  You are not required to appear in person at the Settlement Hearing in order to have your timely and properly filed objection considered.

## X.   WHAT ARE THE TERMS OF THE PROPOSED ORDER AND FINAL JUDGMENT?

If the Court determines that the Stipulation is fair, reasonable, adequate, and in the best interests of EnerNOC and its stockholders, the parties shall jointly request that the Court enter an Order and Final Judgment, which will, among other things:

1.    Approve the Stipulation and adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of EnerNOC and its stockholders, pursuant to Fed. R. Civ.

8

Proc.  Rule 23.1;

2.      Determine that appropriate notice of the Action, the Stipulation, the Settlement Hearing, and the right to appear as provided pursuant to Fed. R. Civ. Proc. Rule 23.1 was given.

3.      Authorize and direct the parties to consummate the settlement in accordance with the terms and conditions of the Stipulation and reserve jurisdiction to supervise the consummation of the Stipulation provided therein;

4.      Dismiss the Action with prejudice in accordance with the terms of the Stipulation and grant the releases described more fully above and in accordance with the terms and conditions of the Stipulation; and

5.      Determine the fee and expense application, as the Court deems appropriate.

## XI.    HOW DO I GET ADDITIONAL INFORMATION ABOUT THE SETTLEMENT?

This Notice is not all-inclusive.  The references in this Notice to the pleadings in the Action, the Stipulation and other papers and proceedings are only summaries and do not purport to be comprehensive.  For the full details of the Action, claims that have been asserted by the parties, and the terms and conditions of the settlement, including a complete copy of the Stipulation, stockholders of EnerNOC are referred to the Court files in the Action.  You or your attorney may examine the Court files by logging on to the Public Access to Court Electronic Records website at www.pacer.gov.  Questions about the settlement or about this Notice in general may be addressed to Plaintiff's Counsel:

Steven J. Purcell
Levi & Korsinsky LLP
30 Broad Street, 24th floor
New York, NY 10004
Tel: 212-363-7500
Fax: 866-367-6510
*Attorneys for Plaintiff*

***PLEASE DO NOT WRITE OR CALL THE COURT***

BY ORDER OF THE COURT