# McDonnell Law Offices, P.C.
## Michael T. McDonnell
ATTORNEY AT LAW

5613 DTC Parkway
Suite 1200
Greenwood Village, Colorado 80111

November 6, 2014

Mike@McDonnellLaw.com
Phone: (303) 850-0077
Fax: (720) 529-1195

Clerk of Court
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3569



RECEIVED NOV -7 2014 U.S. DISTRICT COURT DISTRICT OF DELAWARE

    Re:    Basch v. Healy, *et al.*
            Case No. 1:13-cv-00766-GMS

Dear Clerk:

    I received yesterday the Notice of Proposed Settlement of Action (the "Notice") in the above-captioned case (the "Basch case"). The Notice was sent through RBC Capital Markets LLC and addressed to me as Trustee of the KWL Trust. The KWL Trust is the owner of 1,000 shares of EnerNOC, Inc.

    As Trustee of the KWL Trust, I object to the proposed settlement in the Basch case. The reasons for my objection are threefold. First, the proposed settlement payment by the defendants to EnerNOC, Inc. is an unreasonably low fraction of the value of the excess "stock rights" granted to Mssrs. Healy and Moses, collectively, over the years in question. It appears that the defendants received or approved "stock rights" in excess of an unambiguous annual limit, and that the proof of such breach would be straightforward. It also appears that the aggregate excess rights related to over 150,000 shares of EnerNOC, Inc., and that the value of the total shares subject to the excess "stock rights," at the times of grant, was in the millions of dollars. It is submitted that the proposed settlement payment to EnerNOC by or on behalf of the defendants does not reasonably compensate for the excess equity rights granted to Mssrs. Healy and Moses, and that the proposed settlement does not require the rescission of such excessive grants.

    Second, the relevant executive compensation plans of EnerNOC, Inc. imposed a hard and fast limit on the equity rights that could be issued to executives under the plans. It is submitted that the granting of excessive equity rights to these insiders diluted, and continues to dilute, the value of the stock owned by outside investors in EnerNOC, and that the proposed settlement provides no remedy for such damage to the investors' interests.

    Finally, the proposed settlement provides that the plaintiff's attorneys may apply for approval of an award of up to $400,000 for attorneys' fees and expenses, and that such award would be paid by EnerNOC, Inc. At this early stage of the legal proceedings, it is submitted that such an award would be excessive. The documents filed with the Court in this matter certainly do not support an award of such magnitude. Also, since these legal proceedings were

Clerk of Court
United States District Court
November 6, 2014
Page 2

commenced as a result of the issuance of equity rights to insiders in excess of the limits imposed under a shareholder-approved plan, it is submitted that any award of the plaintiff's attorneys' fees and expenses should be the obligation of the defendants, not the liability of the company and, indirectly, its shareholders.

    The KWL Trust respectfully submits this objection to the proposed settlement, in lieu of an appearance at the hearing for consideration of the settlement, currently scheduled for December 15, 2014.

                                  Very truly yours,

                                  Michael T. McDonnell

MTM:cdp
cc:  Steven J. Purcell, Levi & Korsinsky LLP
      Timothy Perla, Wilmer Cutler Pickering
        Hale & Dorr LLP