IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENE BASCH, derivatively on behalf of ENERNOC, INC. and individually on behalf of himself and all other similarly situated shareholders of ENERNOC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY G. HEALY, NEIL MOSES, DAVID B. BREWSTER, ARTHUR W. COVIELLO, JR., RICHARD DIETER, TJ GLAUTHIER, SUSAN F. TIERNEY, JAMES BAUM, PETER GYENES, ADAM GROSSER, and JAMES L. TURNER, <br><br> Defendants, <br><br> -and- <br><br> ENERNOC, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Civil Action No. 13-cv-766-GMS |

## ORDER AND FINAL JUDGMENT

**WHEREAS**, a hearing was held before this Court on ___Dec 15___, 2014 pursuant to this Court's Scheduling Order With Respect to Notice and Settlement Hearing (the "Scheduling Order"), and upon a Stipulation of Compromise and Settlement dated ____ (the "Stipulation") outlining a settlement of the above-captioned action, which is incorporated herein by reference. The parties appeared by their attorneys of record. The Court heard and considered the submissions and evidence presented in support of the proposed settlement and the

1

applications for an award of attorneys' fees and expenses. The opportunity to be heard was given to all other persons requesting to be heard in accordance with the Scheduling Order. The Court considered, among other matters, the benefits of the proposed Stipulation and the risks, complexity, expense and probable duration of further litigation. The proposed Stipulation and the applications for an award of attorneys' fees and expenses were heard and considered by the Court.

This Order and Final Judgment ("Judgment") incorporates by reference the definitions in the Stipulation and, unless otherwise defined, all capitalized terms shall have the same meanings as set forth in the Stipulation.

IT IS ORDERED, ADJUDGED AND DECREED, this _15th_ day of _December_, 2014 that:

1. The Court finds that Plaintiff and Plaintiff's Counsel have adequately represented the interests of EnerNOC Inc. ("EnerNOC" or the "Company") and its stockholders with respect to the Action, the claims asserted, and all Released Claims.

2. The Court finds that the Stipulation is fair, reasonable, adequate, and in the best interests of EnerNOC and its stockholders.

3. This Court approves the Stipulation in all respects, and the parties are directed to consummate the settlement in accordance with the terms of the Stipulation. The Court shall enter and docket this Judgment.

4. The Notice of Proposed Settlement of Action (the "Notice") has been given to all current stockholders of the Company pursuant to and in the manner directed by the Scheduling Order, proof of mailing, and other dissemination of the Notice was filed with the Court and full

opportunity to be heard has been offered to all parties, current stockholders of the Company, and persons in interest. The Court finds that the form and means of the Notice was the best notice practicable under the circumstances and was given in full compliance with the requirements of Fed. R. Civ. Proc. Rule 23.1 and due process of law, and that all stockholders of EnerNOC are bound by the release of the derivative claims pursuant to this Judgment.

5. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Stipulation and this Judgment and over all parties to the Action, including Plaintiff, and all Defendants (including nominal defendant EnerNOC).

6. The Action and all claims contained therein, as well as all of the Released Claims (as defined in the Settlement Stipulation), are dismissed with prejudice. As between Plaintiff and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment.

7. Except as otherwise provided in the Stipulation, Plaintiff (on his own behalf and derivatively on behalf of EnerNOC), Plaintiff's Counsel, and EnerNOC, fully, finally, and forever release, relinquish and discharge the Released Claims.

8. Except as otherwise provided in the Stipulation, the parties (including EnerNOC) are permanently and finally enjoined from instituting, commencing, prosecuting, continuing, or in any way participating in, whether directly or indirectly, representatively, individually, derivatively on behalf of EnerNOC, or in any other capacity, any action or other proceeding asserting any Released Claims.

9. Plaintiff's Counsel is awarded attorneys' fees and expenses in the sum of $ _400,000.00_ , to be paid by EnerNOC, which amount the Court finds to be fair and reasonable, to be paid in accordance with the terms of the Stipulation.

10. Neither the Stipulation, this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation: (a) is or may be deemed or offered or received in evidence as a presumption, a concession, or an admission of any fault, liability, or wrongdoing, and except as required to enforce this Stipulation, shall not be offered or received in evidence or otherwise used by any party in any action, whether civil, criminal, or administrative; or (b) shall be interpreted as an admission of liability or wrongdoing on the part of the Individual Defendants, nor an admission on the part of Plaintiff of any lack of merit of the claims asserted in the Action. Notwithstanding the foregoing, EnerNOC and any of the Individual Defendants may file the Stipulation, or any judgment or order of the Court related hereto, in any action that has been or may be brought against them, in order to support a claim or defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, the Court reserves jurisdiction over all matters and disputes relating to the Stipulation and this Judgment, and may enter additional orders as may from time to time be necessary to implement and enforce the Stipulation and this Judgment. Nothing herein dismisses or releases any claim by or against any party to the Stipulation arising out of a breach of the Stipulation or violation of this Judgment.

_____
Hon. Gregory M. Sleet